# Exhibit A

## LOAN SALE AND ASSIGNMENT AGREEMENT

THIS LOAN SALE AND ASSIGNMENT AGREEMENT (the "**Agreement**"), is entered into this 20th day of December, 2024 by and between AMERANT EQUIPMENT FINANCE a division of AMERANT BANK, N.A. ("**Assignor**") and EUCLID TURNAROUND OPPORTUNITY FUND LP ("**Assignee**"). Hereinafter, Assignor and Assignee may also be referred to as a "Party" or "Parties".

### BACKGROUND

**WHEREAS**, Assignor is the holder of certain loan obligations due from Alliance Metals LLC ("**Borrower**") and certain guarantees of said loan obligations and certain collateral securing said loan obligations. All documents constituting and/or evidencing said loan and guaranty obligations and all collateral for said obligations are described in **Exhibit A** attached hereto and made a part hereof and are collectively hereinafter referred to as the "**Loan and Collateral Documents**";

**WHEREAS**, the Borrower and guarantors are in default of their obligations under the Loan and Collateral Documents and there is presently pending a lawsuit commenced by Assignor entitled Amerant Equipment Finance, a division of Amerant Bank, N.A vs. Alliance Metals LLC *et al*, Case No. 2024-015430-CA-01 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ( the "**Lawsuit**") to enforce Assignor's rights and remedies as a result of said defaults; and

**WHEREAS**, pursuant to the terms and conditions of this Agreement, Assignor desires to sell, and Assignee desires to purchase, all of Assignor's right, title and interest in, to and under the Loan and Collateral Documents and in regard to the Lawsuit;

**NOW, THEREFORE**, in accordance with the terms of this Agreement Assignor and Assignee, intending to be legally bound, hereby agree as follows:

1. Assignment. On the Effective Date (as hereinafter defined), Assignor shall sell, assign and transfer to Assignee all of Assignor's right, title and interest in, to and under the Loan and Collateral Documents and the Lawsuit, in exchange for payment to Assignor of the Purchase Price (as hereinafter defined) by wire transfer of immediately available funds to an account designated by Assignor in writing. Assignor and Assignee hereby agree that they shall each treat the purchase price as confidential information for their respective internal use only and not disclose same to any third party except as required by applicable law or regulation.

2. Assumption. Upon the Effective Date, Assignee shall thereafter assume and have all rights and obligations under the Loan and Collateral Documents including all rights to enforce same and to receive all payments and other consideration due and payable thereunder in the place and stead of Assignor.

3. Purchase Price. The "**Purchase Price**" shall be ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ payable as follows:
    (a) concurrently herewith, Assignee shall make payment of a deposit in the amount of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (the "**Deposit**") representing 10% of the total Purchase Price in escrow to McDermott Will & Emery LLP by wire transfer of immediately available

funds to be paid to Assignor on the Effective Date if the Diligence Contingency (as defined below) is satisfied and to be returned to Assignee if the Diligence Contingency is not satisfied, and

(b) the amount of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ dollars ▇▇▇▇▇▇ representing 90% of the Purchase Price shall be paid by Assignee to Assignor on the Effective Date via wire transfer of immediately available funds if the Diligence Contingency is satisfied.

4. Diligence Contingency. The Parties acknowledge and agree that Assignee is conducting and has not yet completed its due diligence as to the Borrower, all guarantors, all collateral, the Loan and Collateral Documents, the Lawsuit and other reasonably related information. The Parties further acknowledge and agree that it shall be a condition of Assignee's obligation to pay the Purchase Price and otherwise perform hereunder that Assignee be satisfied, in its sole and absolute discretion, with the results of that due diligence. In that regard, Assignee shall provide written notice to Assignor on or before January 24, 2025 whether or not this Diligence Contingency has been satisfied. In the event Assignee provides written notice to Assignor on or before 6:00 PM Eastern Time on January 24, 2025 that it is not satisfied with the results of its due diligence, this Agreement shall be of no further force or effect and the Deposit shall be returned to Assignee. Assignee's failure to provide written notice to Assignor on or before 6:00 PM Eastern Time on January 24, 2025 shall be construed to mean Assignee is not satisfied with the results of its due diligence. Assignor shall cooperate with Assignee to permit Assignee to inspect, protect and preserve the collateral and obligations under the Loan and Collateral Documents from the date hereof through the Effective Date.

5. Effective Date. In the event, and only in the event, the Diligence Contingency is satisfied, the **Effective Date** shall be five (5) business days following the date on which Assignee gives written notice to Assignor that the Diligence Contingency has been satisfied but in no event later than January 31, 2025 unless the Parties expressly agree in writing to shorten or extend the Effective Date.

6. Litigation Transfer. Promptly following the Effective Date, Assignor shall cooperate with Assignee to have Assignee substituted as plaintiff in the Lawsuit and to provide for any substitution of counsel as Assignee may determine. Assignor shall be responsible for all counsel fees incurred in connection with the Lawsuit only up until the Effective Date. Assignee shall be solely responsible for all counsel fees incurred in connection with the Lawsuit following the Effective Date, including but not limited to those related to the substitution of counsel.

7. Liquidated Damages. In the event that the Diligence Contingency is satisfied and the Assignee fails to pay the balance of the Purchase Price on the Effective Date, the Assignor shall be entitled to receive and retain the Deposit as liquidated damages as its sole and exclusive remedy hereunder.

8. Representations and Warranties of Assignor. Assignor hereby represents and warrants to Assignee that as of the Effective Date:

(a) Assignor is the sole legal and beneficial owner of the Loan and Collateral Documents and all rights thereunder. Assignor has not assigned or otherwise transferred (including by way of collateral assignment) to any third party any rights with respect to the Loan and Collateral

Documents, and has not released any collateral thereunder or modified, terminated or subordinated its liens in such collateral.

(b) Assignor has all right, power, legal capacity and authority to execute and deliver this Agreement and to perform hereunder and under each other agreement that Assignor may execute and deliver in connection herewith.

(c) The execution, delivery and performance of this Agreement and the consummation of the transactions contemplated by this Agreement have been duly authorized by all requisite corporate action on the part of Assignor, and do not and will not (i) violate any law, rule, regulation, order, writ, judgment, injunction, decree, determination or award (collectively, "**Laws and Orders**") presently in effect having applicability to Assignor or any property of Assignor or (ii) result in a breach or constitute a default under any agreement to which Assignor is subject (including the Loan and Collateral Documents).

(d) This Agreement constitutes the legal, valid and binding obligation of Assignor enforceable against Assignor in accordance with its terms.

(e) **Exhibit B** attached hereto and made a part hereof sets forth a complete and accurate history of all sums loaned or advanced under the Loan and Collateral Documents, all interest and other charges incurred, and all payments or other credits received with respect thereto and sets forth the current balance due as of the date hereof and Assignor shall provide to Assignee a supplement to Exhibit B as of the Effective Date to reflect all charges after the date hereof and through the Effective Date and the total balance due as of the Effective Date.

(f) Assignor has dealt with no broker or similar person in connection with entering into this Agreement and has taken no action that would give rise to any claim by any person or entity for brokerage commissions, finder's fees or the like relating to this Agreement or the transactions contemplated hereby.

(g) The Loan and Collateral Documents listed on **Exhibit A** represent all of the agreements evidencing or relating to the obligations of the Borrower and guarantors and any collateral for said obligations. The copies of the Loan and Collateral Documents provided to Assignee for inspection prior to the date hereof are true and complete copies of all such Loan and Collateral Documents, and no provisions thereof have been amended, modified or waived.

(h) Assignor has provided to Assignee access to Assignor's entire file relating to the Loan and Collateral Documents for inspection by Assignee prior to the date hereof.

Except as expressly set forth in this Agreement, (i) Assignor makes no representations, warranties, or covenants of any kind with respect to the Loan and Collateral Documents; (ii) Assignor hereby disclaims any other representations or warranties, express or implied, written or oral, however made, whether parole or otherwise, whether or not related to the subject matter of this Agreement or intended to induce execution of this Agreement; and (iii) the Loan and Collateral Documents are being sold to Assignee on an "AS IS, WHERE IS" basis.

9. <u>Representations and Warranties of Assignee</u>. Assignee hereby represents and warrants to Assignor that as of the Effective Date:

(a) Assignee has the full power, authority and legal right to execute and deliver this Agreement, to consummate the transactions contemplated hereby, and to perform and observe all terms and conditions contained herein.

(b) The execution and delivery of this Agreement by Assignee does not, and the performance of this Agreement by Assignee will not, (i) result in a violation of or conflict with any provisions of Assignee's governing instruments, (ii) violate any law, rule, regulation, code, ordinance, judgment, injunction, order, writ, decree, or ruling applicable to Assignee, or (iii) conflict with or violate any agreement, permit, concession, grant, franchise, license, or other governmental authorization or approval applicable to Assignee with respect to this Agreement or the transaction contemplated by this Agreement.

(c) Assignee has taken no action that would give rise to any claim by any person or entity for brokerage commissions, finder's fees or the like relating to this Agreement or the transactions contemplated hereby.

(d) Assignee is a sophisticated investor in commercial loans and security therefor, and its decision to purchase the Loan and Collateral Documents from Assignor is based solely upon the representations of Assignor expressly made in this Agreement and Assignee's own independent expert evaluation of the Loan and Collateral Documents and other materials deemed relevant by Assignee.

(e) Assignee hereby accepts and agrees to perform all of the terms, covenants and conditions of the Loan and Collateral Documents required on the part Assignee thereunder from and after the Effective Date, including without limitation the obligation to provide written notice to Borrower and any guarantor(s) of Assignee's acquisition of the Loan and Collateral Documents from Assignor promptly after the Effective Date.

10. <u>Indemnity</u>. The representations, warranties and covenants of the Parties herein shall survive the Effective Date and any termination of this Agreement in accordance with the terms hereof. Each Party shall indemnify, defend and hold the other Party and its successors and assigns harmless from and against any and all liabilities, claims, actions or causes of action, including attorney's fees sustained or incurred by such Party or its successors and assigns, as a result of, or arising out of, or by virtue of: (a) the inaccuracy of any material representation or warranty made by any Party herein; or (b) a breach by any Party hereto of any of the covenants of this Agreement to be performed by such Party.

11. <u>Delivery of Documents</u>. Upon the Effective Date, Assignor shall deliver to Assignee all of the Loan and Collateral Documents listed on **Exhibit A**, including all original documents in Assignor's possession, and shall also deliver to Assignee copies of the entire content of Assignor's files relating to the Loan and Collateral Documents that were made available for inspection by Assignee prior to the Effective Date.

12. **Further Assurances.** Each Party agrees to take such actions and to execute and/or deliver to the other Party such further instruments, agreements and documents as such Party may reasonably request including, without limitation, assignments in recordable form, if necessary, required to evidence the transfer to Assignee of all of Assignor's right, title and interest under or with respect to the Loan and Collateral Documents and to verify the balance due thereunder as of the Effective Date. To the extent Assignor receives any payments on account of the Loan and Collateral Documents after the Effective Date, Assignor shall promptly remit same to Assignee.

13. **Notices.** All notices hereunder shall be provided by electronic mail as follows:

    (a) if to Assignee c/o Howard Siegel at howard@eucinv.com with a copy to Marcus Helt at mhelt@mwe.com
    (b) if to Assignor c/o Eduardo Marino at emarino@amerantbank.com with a copy to Robert Lopez at rlopez@amerantbank.com.

14. **Governing Law and Venue.** This Agreement and the rights and obligations of the parties hereunder shall be governed by and construed and enforced in accordance with the laws of the State of Florida, without regard to its conflicts of laws principles. Any legal or equitable action arising out of this Agreement may be brought in the Federal and state courts located in Miami-Dade County, Florida. Each Party hereby irrevocably submits to the non-exclusive jurisdiction of such courts for the adjudication of any dispute brought hereunder.

15. **Assignment, Amendment and Waiver.** This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns. This Agreement may not be amended, waived, discharged or terminated orally, but only by an instrument in writing signed by the Party against which enforcement of such amendment, waiver, discharge or termination is sought.

16. **Counterparts.** This Agreement may be executed in any number of separate counterparts, each of which when so executed shall be deemed an original, and all such counterparts shall together constitute one and the same instrument.

17. **Entire Agreement.** This Agreement contains the entire agreement of the Parties with respect to the subject matter hereof and, except as set forth herein, there are no other agreements, understandings, representations or warranties with respect to such subject matter.

18. **Severability.** In case any provision in this Agreement shall be held by a court of competent jurisdiction to be invalid, illegal or unenforceable, such provision shall be severable from the remainder of this Agreement and the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

19. **Expenses.** Each of Assignor and Assignee shall bear their own attorneys' fee and costs incurred in connection with this Agreement.

20. **Construction.** The Parties acknowledge that each Party and its counsel has reviewed this Agreement and the Parties hereby agree that any ambiguities in this Agreement shall not be

construed against any Party by virtue of its authorship of this Agreement. Captions and headings in this Agreement are for convenience only and shall not affect the construction of this Agreement.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the date set forth above.

Assignor:
AMERANT EQUIPMENT FINANCE
a division of
AMERANT BANK, N.A

/s/ _____
Name: Eduardo J Marino
Title: FVP

Assignee:

EUCLID TURNAROUND OPPORTUNITY FUND LP

/s/ _____
Name: Howard Siegel
Title: Manager of Euclid Partners GP LLC
       Its General Partner

## EXHIBIT A
**Loan and Collateral Documents**

1. Loan and Security Agreement No.1002723 dated September 27, 2022 by and among Alliance Metals LLC and Amerant Equipment Finance, a division of Amerant Bank N.A.
2. Promissory Note No. 1002723-001 dated September 27, 2022 in the stated amount of $4,360,399.99 executed and delivered by Alliance Metals LLC payable to the order of Amerant Equipment Finance, a division of Amerant Bank N.A.
3. Resolution and Certificate of Incumbency dated September 28, 2022 by which Alliance Metals LLC certified to Amerant Equipment Finance, a division of Amerant Bank N.A. and its successors and assigns as to the matters described therein.
4. UCC-1 Financing Statement No. 202203178762 filed with the Florida Secured Transaction Registry on September 30, 2022 naming Alliance Metals LLC as Debtor and Amerant Equipment Finance, a division of Amerant Bank N.A. as Secured Party
5. Promissory Note No. 1002723-002 dated April 10, 2023 in the stated amount of $4,297,683.40 from Alliance Metals LLC payable to the order of Amerant Equipment Finance, a division of Amerant Bank N.A
6. UCC-1 Financing Statement No. 202300998284 filed with the Florida Secured Transaction Registry on April 13, 2023 naming Alliance Metals LLC as Debtor and Amerant Equipment Finance, a division of Amerant Bank N.A. as Secured Party
7. Agreement of Guaranty dated September 28, 2022 executed and delivered by Technocon International, Inc. and Alliance Metals Alabama LLC (collectively "Guarantor") in favor of Amerant Equipment Finance, a division of Amerant Bank N.A. and its successors and assigns by which Guarantor unconditionally guaranteed the prompt payment of all obligations of Alliance Metals LLC under the Loan and Security Agreement described in paragraph 1 above and all promissory notes issued pursuant thereto.
8. Resolution and Certificate of Incumbency dated September 28, 2022 by which Technocon International, Inc. certified to Amerant Equipment Finance, a division of Amerant Bank N.A. and its successors and assigns as to the matters described therein.
9. Resolution and Certificate of Incumbency dated September 28, 2022 by which Alliance Metals Alabama LLC certified to Amerant Equipment Finance, a division of Amerant Bank N.A. and its successors and assigns as to the matters described therein.
10. Agreement of Guaranty dated September 27, 2022 executed and delivered by Larry Y Gitman and Jacob Gitman (collectively "Guarantor") in favor of Amerant Equipment Finance, a division of Amerant Bank N.A. and its successors and assigns by which Guarantor unconditionally guaranteed the prompt payment of all obligations of Alliance Metals LLC under the Loan and Security Agreement described in paragraph 1 above and all promissory notes issued pursuant thereto.

## EXHIBIT B
## Debt Balance and Loan History

The amount due and owing to Assignor as of 12/30/2024 under the Loan and Collateral Documents is $8,903,255.46 which consists of the following:

**Promissory Note 1002723-001 dated September 27, 2022**

| Description | Amount |
| --- | --- |
| Principal Outstanding | $3,730,601.26 |
| Prepayment Penalty | $223,836.08 |
| Accrued Interest at Loan Rate | $176,449.07 |
| Per diem Interest at Loan Rate | $ N/A |
| Accrued Interest at Default Rate | $119,710.26 |
| Per diem interest at Default Rate | $N/A |
| Late Charges | $47,890.75 |

**Promissory Note 1002723-002 dated April 10, 2023**

| Description | Amount |
| --- | --- |
| Principal Outstanding | $3,906,351.71 |
| Prepayment Penalty | $234,381.10 |
| Accrued Interest at Loan Rate | $207,377.85 |
| Per diem Interest at Loan Rate | $N/A |
| Accrued Interest at Default Rate | $125,688.61 |
| Per diem interest at Default Rate | $N/A |
| Late Charges | $46,005.33 |

| | |
| --- | --- |
| **Attorney's Fees and Costs of Collection** | $84,963.44 |

**Attached to this Exhibit B is a complete loan history representing information contained in records kept by Assignor in the course of its regularly conducted business activities**

## EXHIBIT A
**Loan and Collateral Documents**

1. Loan and Security Agreement No.1002723 dated September 27, 2022 by and among Alliance Metals LLC and Amerant Equipment Finance, a division of Amerant Bank N.A.
2. Promissory Note No. 1002723-001 dated September 27, 2022 in the stated amount of $4,360,399.99 executed and delivered by Alliance Metals LLC payable to the order of Amerant Equipment Finance, a division of Amerant Bank N.A.
3. Resolution and Certificate of Incumbency dated September 28, 2022 by which Alliance Metals LLC certified to Amerant Equipment Finance, a division of Amerant Bank N.A. and its successors and assigns as to the matters described therein.
4. UCC-1 Financing Statement No. 202203178762 filed with the Florida Secured Transaction Registry on September 30, 2022 naming Alliance Metals LLC as Debtor and Amerant Equipment Finance, a division of Amerant Bank N.A. as Secured Party
5. Promissory Note No. 1002723-002 dated April 10, 2023 in the stated amount of $4,297,683.40 from Alliance Metals LLC payable to the order of Amerant Equipment Finance, a division of Amerant Bank N.A
6. UCC-1 Financing Statement No. 202300998284 filed with the Florida Secured Transaction Registry on April 13, 2023 naming Alliance Metals LLC as Debtor and Amerant Equipment Finance, a division of Amerant Bank N.A. as Secured Party
7. Agreement of Guaranty dated September 28, 2022 executed and delivered by Technocon International, Inc. and Alliance Metals Alabama LLC (collectively "Guarantor") in favor of Amerant Equipment Finance, a division of Amerant Bank N.A. and its successors and assigns by which Guarantor unconditionally guaranteed the prompt payment of all obligations of Alliance Metals LLC under the Loan and Security Agreement described in paragraph 1 above and all promissory notes issued pursuant thereto.
8. Resolution and Certificate of Incumbency dated September 28, 2022 by which Technocon International, Inc. certified to Amerant Equipment Finance, a division of Amerant Bank N.A. and its successors and assigns as to the matters described therein.
9. Resolution and Certificate of Incumbency dated September 28, 2022 by which Alliance Metals Alabama LLC certified to Amerant Equipment Finance, a division of Amerant Bank N.A. and its successors and assigns as to the matters described therein.
10. Agreement of Guaranty dated September 27, 2022 executed and delivered by Larry Y Gitman and Jacob Gitman (collectively "Guarantor") in favor of Amerant Equipment Finance, a division of Amerant Bank N.A. and its successors and assigns by which Guarantor unconditionally guaranteed the prompt payment of all obligations of Alliance Metals LLC under the Loan and Security Agreement described in paragraph 1 above and all promissory notes issued pursuant thereto.

| Date | Source | Amount Financed | Rate | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|---|---|
| 9/30/2022 | Amount Financed | $4,360,399.99 | 7.86% | $0.00 | $0.00 | $0.00 | $4,360,399.99 |
| 11/1/2022 | Payment | | | $59,863.44 | $29,533.87 | $30,329.57 | $4,330,070.42 |
| 12/1/2022 | Payment | | | $59,863.44 | $28,376.37 | $31,487.07 | $4,298,583.35 |
| 1/1/2023 | Payment | | | $59,863.44 | $28,170.02 | $31,693.42 | $4,266,889.93 |
| 2/1/2023 | Payment | | | $59,863.44 | $27,962.32 | $31,901.12 | $4,234,988.81 |
| 3/1/2023 | Payment | | | $59,863.44 | $27,753.27 | $32,110.17 | $4,202,878.64 |
| 4/1/2023 | Payment | | | $59,863.44 | $27,542.84 | $32,320.60 | $4,170,558.04 |
| 5/1/2023 | Payment | | | $59,863.44 | $27,331.03 | $32,532.41 | $4,138,025.63 |
| 6/1/2023 | Payment | | | $59,863.44 | $27,117.83 | $32,745.61 | $4,105,280.02 |
| 7/1/2023 | Payment | | | $59,863.44 | $26,903.24 | $32,960.20 | $4,072,319.82 |
| 8/1/2023 | Payment | | | $59,863.44 | $26,687.24 | $33,176.20 | $4,039,143.62 |
| 9/1/2023 | Payment | | | $59,863.44 | $26,469.83 | $33,393.61 | $4,005,750.01 |
| 10/1/2023 | Payment | | | $59,863.44 | $26,250.99 | $33,612.45 | $3,972,137.56 |
| 11/1/2023 | Payment | | | $59,863.44 | $26,030.72 | $33,832.72 | $3,938,304.84 |
| 12/1/2023 | Payment | | | $59,863.44 | $25,809.00 | $34,054.44 | $3,904,250.40 |
| 1/1/2024 | Payment | | | $59,863.44 | $25,585.83 | $34,277.61 | $3,869,972.79 |
| 2/1/2024 | Payment | | | $59,863.44 | $25,361.20 | $34,502.24 | $3,835,470.55 |
| 3/1/2024 | Payment | | | $59,863.44 | $25,135.09 | $34,728.35 | $3,800,742.20 |
| 4/1/2024 | Payment | | | $59,863.44 | $24,907.51 | $34,955.93 | $3,765,786.27 |
| 5/1/2024 | Payment | | | $59,863.44 | $24,678.43 | $35,185.01 | $3,730,601.26 |
| | | | | $1,137,405.36 | $507,606.63 | $629,798.73 | |

| Date | Source | Amount Financed | Rate | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|---|---|
| 4/18/2023 | Amount Financed | 4,297,683.40 | 7.25% | $0.00 | $0.00 | $0.00 | $4,297,683.40 |
| 6/1/2023 | Payment | | | $68,826.10 | $37,284.72 | $31,541.38 | $4,266,142.02 |
| 7/1/2023 | Payment | | | $57,506.66 | $25,774.61 | $31,732.05 | $4,234,409.97 |
| 8/1/2023 | Payment | | | $57,506.66 | $25,582.89 | $31,923.77 | $4,202,486.20 |
| 9/1/2023 | Payment | | | $57,506.66 | $25,390.02 | $32,116.64 | $4,170,369.56 |
| 10/1/2023 | Payment | | | $57,506.66 | $25,195.98 | $32,310.68 | $4,138,058.88 |
| 11/1/2023 | Payment | | | $57,506.66 | $25,000.77 | $32,505.89 | $4,105,552.99 |
| 12/1/2023 | Payment | | | $57,506.66 | $24,804.38 | $32,702.28 | $4,072,850.71 |
| 1/1/2024 | Payment | | | $57,506.66 | $24,606.81 | $32,899.85 | $4,039,950.86 |
| 2/1/2024 | Payment | | | $57,506.66 | $24,408.04 | $33,098.62 | $4,006,852.24 |
| 3/1/2024 | Payment | | | $57,506.66 | $24,208.07 | $33,298.59 | $3,973,553.65 |
| 4/1/2024 | Payment | | | $57,506.66 | $24,006.89 | $33,499.77 | $3,940,053.88 |
| 5/1/2024 | Payment | | | $57,506.66 | $23,804.49 | $33,702.17 | $3,906,351.71 |
| | | | | **$701,399.36** | **$310,067.67** | **$391,331.69** | |