UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-20647-BLOOM/Elfenbein

**EUCLID TURNAROUND**
**OPPORTUNITY FUND LP**,

    Plaintiff,

v.

**AMERANT EQUIPMENT FINANCE**,
*et al.*,

    Defendants.

_____/

## OMNIBUS ORDER ON DISCOVERY MOTIONS

**THIS CAUSE** is before the Court upon Plaintiff Euclid Turnaround Opportunity Fund LP's ("Plaintiff") Notice of Discovery Hearing, ECF No. [87], in which it alerted the Court to the following issues to be discussed at the Discovery Hearing held on April 3, 2025 (the "Hearing"):

1. Whether non-parties Sergei Bartushev, SB Ecliptica, LLC, Truewind Management, LLC, America1 Holdings, LLC, and America1 Industries, LLC, all of whom are referenced in the operative complaint, are required to produce non-privileged documents responsive to the requests in subpoenas served on them concerning the membership and citizenship of SB Ecliptica, LLC, Truewind Management, LLC, America1 Holdings, LLC, and America1 Industries, LLC.  This involves Request No. 3 in the subpoena to Sergei Bartushev, and the sole requests in the subpoenas issued to the entities.

2. Whether non-party Sergei Bartushev is required to produce non-privileged documents responsive to the requests in the subpoena served on him concerning the transactions referenced in the complaint and the business relationship between the entities to which he is connected and the named Defendants in the action, including Amerant, Alliance Metals, LLC, Technocon, LLC, Alliance Metals Alabama, LLC, Larry Y. Gitman, and/or Jacob Gitman. This involves Requests Nos. 1, 2, 4, 5, and 6 in the subpoena served on Mr. Bartushev.

3. Whether non-party Sergei Bartushev, at his deposition scheduled for April 4, 2025, is required to testify regarding the membership of SB Ecliptica, LLC, Truewind Management LLC, America1 Holdings, LLC, and America1 Industries, LLC and the citizenship of such members.

ECF No. [87] at 1-2.  At the Hearing, Plaintiff withdrew its request to compel Non-Party Sergei Bartushev ("Bartushev") to produce documents relating to the merits of the case.  Plaintiff also narrowed its request to documents concerning the membership and citizenship of Non-Parties SB Ecliptica, LLC ("Ecliptica"), Truewind Management, LLC ("Truewind"), America1 Holdings, LLC, and America1 Industries, LLC (collectively with America1 Holdings, LLC, the "America 1 Entities"), and made an Oral Motion to Compel Production of Documents Relating to Ecliptica and Truewind's Membership and Citizenship, ECF No. [90], and an Oral Motion to Compel Production of Documents Relating to the America1 Entities' Membership and Citizenship, ECF No. [91].  Additionally, Plaintiff agreed to postpone Bartushev's deposition conditioned upon Ecliptica, Truewind, and the America1 Entities' (collectively with Bartushev, the "Third Parties") stipulation to, or production of documents supporting, the Third Parties' members and citizenship.

During the Hearing, Ecliptica and Truewind agreed to provide a written stipulation as to their respective members and citizenship.  The America1 Entities, however, maintained their objection to producing such information, calling it a fishing expedition, and disputed the Court's consideration of the issue due to Plaintiff's failure to completely confer about the subpoenas directed at the America1 Entities.  The Court ruled on the issues at the Hearing, so to memorialize its oral rulings from the Hearing, the Court writes the instant Order.

Having reviewed the Parties' and Non-Parties' filings and case law, and having considered the arguments, it is **ORDERED and ADJUDGED** as follows:

During the Hearing, Plaintiffs explained that the Third Parties' citizenship is placed at issue via Defendant Amerant Bank, N.A.'s Motion to Require Joinder of the Third Parties and to Dismiss Counts III and IV of Second Amended Verified Complaint in which Defendant argues that the Third Parties are indispensable to this action.  *See* ECF No. [60].  In response, Plaintiff seeks the Third Parties' citizenship information to determine whether their joinder would destroy diversity.

The America1 Entities objected to the discovery, arguing that they are not parties to this lawsuit and the requested discovery was an unauthorized fishing expedition.

The Third Parties and Plaintiff cited several cases in support of their respective arguments. The Third Parties cited four cases the Court finds inapplicable to the current dispute: (1) *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 (1978); (2) *Pac. Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 195–96 (N.D. Ill. 2012); (3) *Martinez v. United States Navy*, No. 3:14MC48/MCR/EMT, 2016 WL 2642154, at *1 (N.D. Fla. Apr. 5, 2016); and (4) *In re Fierro*, No. 07-MC-37-ORL-22DAB, 2007 WL 1113257, at *3 (M.D. Fla. Apr. 13, 2007). The *Oppenheimer* opinion dealt with obtaining class members' names and addresses for the purpose of notifying them of the class but made no mention of jurisdictional discovery. *See* 437 U.S. at 353 n.17. The *Pac. Century* opinion does not address a jurisdictional discovery request but a relevancy issue regarding a subpoena seeking identities of non-parties sought to be added as co-conspirators. *See* 282 F.R.D. at 195–96. Similarly, the *Martinez* opinion does not discuss a jurisdictional discovery request but a merits discovery request to establish a collateral attack on a criminal conviction in a yet-to-be-filed state court habeas petition. *See* 2016 WL 2642154 at *1. Finally, the *In re Fierro* opinion expressly states that the issue before the court was not discovery directed at a jurisdictional issue but rather discovery directed at proving an element of the Title VII claim for relief. *See* 2007 WL 1113257 at *3. Accordingly, the Court does not consider these authorities applicable or persuasive to the question presented here, which is whether Plaintiff should be allowed to take limited jurisdictional discovery from the America1 Entities.

The only case the Parties cited at the Hearing that was on point is *Beale v. Husqvarna AB*, No. 20-CV-80909, 2020 WL 6472615, at *2 (S.D. Fla. Aug. 3, 2020). The *Beale* opinion addressed a request by the plaintiffs to engage in limited jurisdictional discovery of various non-parties who were potential defendants to the existing claims. *Id.* at *1. The *Beale* court held that jurisdictional

discovery was proper where the issue of whether the non-parties were indispensable was at issue and the non-parties' citizenship could destroy diversity. *Id*. The court granted jurisdictional discovery "so that the Court can be fully informed about the citizenship of all potential defendants related to this transaction or occurrence." *Id*. at *2.

Similarly, as explained above, the Third Parties' citizenship is placed at issue because Amerant Bank has filed a Motion to Require Joinder of the Third Parties and to Dismiss Counts III and IV of Second Amended Verified Complaint. *See* ECF No. [60]. Because Plaintiff solely seeks the Third Parties' citizenship information to determine whether their joinder would destroy diversity, for the same reasons discussed in *Beale*, the Court finds that the limited jurisdictional discovery is appropriate. Accordingly, after due consideration, it is **ORDERED and ADJUDGED**, as follows:

1. Plaintiff's Oral Motion to Compel Production of Documents Relating to Ecliptica and Truewind's Membership and Citizenship, **ECF No. [90]**, is **DENIED as moot** in light of Ecliptica and Truewind's agreement to provide a written stipulation regarding their respective membership and citizenship. Ecliptica and Truewind **SHALL** provide the written stipulation to Plaintiff **no later than April 15, 2025.**

2. Plaintiff's Oral Motion to Compel Production of Documents Relating to the America1 Entities' Membership and Citizenship, **ECF No. [91]**, is **GRANTED**. The America1 Entities **SHALL** provide Plaintiff either a written stipulation containing the America1 Entities' membership and citizenship information or produce documents reflecting that information **no later than April 15, 2025.**

**DONE and ORDERED** in Chambers in Miami, Florida on April 7, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:

Counsel of Record