**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-20647-BB**

EUCLID TURNAROUND OPPORTUNITY
FUND LP,

      Plaintiff,

vs.

AMERANT EQUIPMENT FINANCE, A
DIVISION OF AMERANT BANK, N.A.,
ALLIANCE METALS LLC, TECHNOCON
INTERNATIONAL, INC., ALLIANCE METALS
ALABAMA, LLC, LARRY Y. GITMAN, AND
JACOB GITMAN,

      Defendants.
_____/

## **PLAINTIFF'S MEMORANDUM REGARDING SUBJECT MATTER JURISDICTION**

      Plaintiff Euclid Turnaround Opportunity Fund LP, by and through undersigned counsel, submits this memorandum regarding subject matter jurisdiction, as directed by the Court at the April 29, 2025 discovery hearing (ECF No. 105).

      The Second Amended Complaint provides this Court with subject matter jurisdiction based on the parties' diversity of citizenship. Under 28 U.S.C. § 1132(a)(3), district courts have original jurisdiction of all actions with more than $75,000 in dispute between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." *Id.*; *see* § 1332(a)(2) (providing for jurisdiction of actions between "citizens of a State and citizens or subjects of a foreign state"); *Luftfahrtversicherungs-Aktiengesellschaft v. Markel Ins. Co.*, No. 06-61184 CIV, 2007 WL 141154, at *2 (S.D. Fla. Jan. 16, 2007) ("[J]urisdiction exists where diverse citizens are joined with aliens under this provision even where the aliens appear on both sides of the controversy."). As explained below, for jurisdictional purposes, Defendants are considered citizens

of Florida, and Plaintiff is considered a citizen of Texas, the Cayman Islands, and the United Arab Emirates (ECF No. 34, ¶¶ 3–11.) Because Plaintiff and Defendants are "citizens of different States," citizens of "a foreign state are additional parties," § 1332(a)(3), and the matter in controversy exceeds $75,000, exclusive of interest and costs (ECF No. 34, ¶ 1), this Court has subject matter jurisdiction over this case.

There is no dispute about the Florida citizenship of Defendants:

- Defendant Amerant Bank, N.A., is a national banking association with its designated main office in Florida. (ECF No. 34, ¶ 4.) So, it is considered a Florida citizen. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank is a citizen of the state in which its "main office" is located, as set forth in its articles of association).

- Defendants Larry and Jacob Gitman are individuals domiciled in Florida. (ECF No. 34, ¶¶ 8–9.) So, they are considered Florida citizens. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

- Defendant Technocon is a Florida corporation with its principal place of business in Florida. (ECF No. 34, ¶ 7.) So, it is considered a Florida citizen. 28 U.S.C. § 1332(c)(1) (providing that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

- The remaining two Defendants—Alliance Metals LLC and Alliance Metals Alabama, LLC—are limited liability companies. All members of these limited lability companies are individuals or corporations who are considered citizens of

Florida. (ECF No. 34, ¶¶ 5–6.) Because unincorporated entities—such as limited liability companies and limited liability partnerships—are ascribed the citizenship of each partner, member, or sub-member, Alliance Metals LLC and Alliance Metals Alabama LLC are considered citizens of Florida. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen.").

The citizenship of Plaintiff, however, was disputed, without prior notice, by the subpoenaed parties at the April 29, 2025 hearing, in yet another groundless attempt to obstruct discovery that their counsel conceded would take no more than 48 hours to provide. The straightforward application of prevailing law establishes that Plaintiff is a citizen of Texas, the Cayman Islands, and the United Arab Emirates.

Plaintiff Euclid Turnaround Opportunity Fund LP is a Delaware limited partnership, and therefore is considered "a citizen of each state in which any of its partners, limited or general, are citizens." *Rolling Greens MHP, L.P.*, 374 F.3d at 1021 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-92 (1990)). Plaintiff's general partner is Euclid Partners GP LLC, a Delaware limited liability company, whose members are Howard Siegel and Adam Siegel, both of whom are domiciled in Texas. (ECF No. 34, ¶ 3.) Based on the citizenship of these members of Euclid's general partner, Euclid is considered a citizen of Texas. *See Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Euclid's limited partners are also Delaware limited liability companies, each of whose sole member is Saray Value Fund SPC, a Cayman Islands exempted segregated portfolio company with its principal place of business in Dubai, United Arab Emirates. (ECF No. 34, ¶ 3.) The Second Amended Complaint alleges that Saray Value Fund SPC bears the material features of a United

3

States corporation, and thus, like a U.S. Corporation under § 1332(c)(1), Saray Value Fund SPC should be considered a citizen of the states in which it is incorporated and has its principal place of business, *i.e.*, the Cayman Islands and the United Arab Emirates, respectively. (*Id.*)

The Second Amended Complaint's treatment of Saray Value Fund SPC as a corporation finds abundant support in the law. "What matters to the definition in § 1332(c)(1) is whether the entity, no matter what it is called and no matter where it is located, has the attributes of a 'corporation' as understood in the law of the United States." *Starstone Ins. SE v. City of Chicago, Illinois*, 133 F.4th 764, 767 (7th Cir. 2025);[1] *accord Jet Midwest Int'l Co., Ltd v. Jet Midwest Group, LLC*, 932 F.3d 1102, 1105 (8th Cir. 2019) ("To account for linguistic and other differences between domestic and foreign business laws and the fact that other nations do not necessarily call entities that are in effect corporations by that name, a court examines whether the foreign entity is 'equivalent in all legally material respects to a corporation under state law.'") (quoting *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003)); *cf. Bradshaw Constr. Corp. v. Underwriters at Lloyd's, London*, No. 15-24382-CIV, 2016 WL 8739603, at *6 (S.D. Fla. Jan. 8, 2016) (treating foreign entities as unincorporated associations because they were "not the *functional equivalent of a corporation* under the laws that created them") (emphasis added). The relevant attributes for this test are "perpetual existence with a legal personality distinct from that of investors, shares that are tradeable (in principle, at least), and limited liability." *Starstone Ins. SE*, 133 F.4th at 767.

---

[1] Under an alternative framework applied in the Fifth Circuit, courts ask "whether the entity is a 'juridical person' under the law that created it." *Avialae S De RL DE CV v. Cummins, Inc.,* No. 23-50376, 2024 WL 1461947, at *1 n.1 (5th Cir. Apr. 4, 2024). That test "look[s] to whether the entity can own property, make contracts, transact business, and litigate in its own name." *Id.* (quotations omitted). Under the "juridical person" test, there is no doubt that Saray Value Fund SPC is a citizen of the Cayman Islands, the foreign country under which laws it was created, because it makes contracts, transacts business, and may sue and be sued. *See* Ex. A, ¶¶ 30, 33.

The declaration of Jonathon Milne, an expert and practitioner in Cayman Islands law, submitted as Exhibit A to this memorandum, demonstrates that Saray Value Fund SPC has all the essential attributes of a U.S. corporation. A Cayman Islands segregated portfolio company ("SPC"), Mr. Milne explains, is "a single legal entity" with "a perpetual existence" and "a distinct legal personality," which is "treated as independent of its underlying equity holders." Ex. A, ¶¶ 23, 31, 43. An SPC is "*incorporated*" in the Cayman Islands under § 5 of the Cayman Islands Companies Act. *Id.*, ¶ 26 (emphasis in original). "The language of '*incorporation*,'" Mr. Milne explains, "is used throughout the Companies Act and in the context of formation in particular," and "[t]he terms company and corporation are often used interchangeably." *Id.*, ¶¶ 26–27. Indeed, "[t]he words 'corporation' and 'company' are **synonymous** for the purposes of Cayman Islands law." *Id.*, ¶ 27 (emphasis added). Further, "an SPC may sue or be sued in its own name" and may enter contracts. *Id.*, ¶¶ 30, 33. And an SPC "is able to (i) issue shares that can be tradeable; (ii) limit the liability of its shareholders; (iii) be governed by a board of directors; and (iv) hold general meetings of shareholders." *Id.*, ¶ 36. Saray Value Fund SPC shares all these attributes, Mr. Milne confirms, based on a thorough review of the entity's governing documents. *Id.*, ¶¶ 37–42.

Saray Value Fund SPC, therefore, has the essential attributes of, and should be treated as, a corporation under 28 U.S.C. § 1332(c)(1). *See Starstone Ins. SE*, 133 F.4th at 767 (holding that "a Societas Europaea qualifies as a 'corporation'" because it has these attributes); *Jet Midwest Int'l Co.* 932 F.3d at 1105 (holding that "a Hong Kong limited company is equivalent to a U.S. corporation under § 1332"); *Shanshan Shao v. Beta Pharma, Inc.*, No. 3:14-CV-01177(CSH), 2018 WL 1882855, at *5 (D. Conn. Apr. 19, 2018) (same); *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (treating a Netherlands "BV" as a corporation because it "has the standard elements of 'personhood' (perpetual existence, the right to contract and do business

5

in its own name, and the right to sue and be sued) and issues shares to investors who enjoy limited liability (which is to say, are not liable for the business's debts)"); *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003) (holding that a Bermuda organization "limited by shares" qualifies as a corporation).

During the hearing at which the subpoenaed parties raised this issue, their counsel mentioned a regulation of the Internal Revenue Service that did not identify Cayman Islands SPCs as corporations *for tax purposes*. But, as the cases discussed above demonstrate, IRS regulations do not factor into the test that courts apply under § 1332(c), a statute that the IRS, of course, is not empowered to construe.[2]

Nor does the case that the subpoenaed parties cited, *Hines v. Azoth Inv. SPC Ltd.*, No. 21-CV-10309 (VSB), 2022 WL 683996, at *2 (S.D.N.Y. Mar. 8, 2022), assist them. In that case, the court simply noted that it was "far from clear" whether SPCs should be treated as corporations for diversity of citizenship jurisdiction but elected not to decide the issue because the complaint generally lacked information about various parties. *Id.*

In short, Saray Value Fund SPC qualifies as a corporation under § 1332(c)(1), and thus is considered a citizen of the Cayman Islands and the United Arab Emirates. Because Plaintiff (Texas, Cayman Islands, and the United Arab Emirates) and Defendants (Florida) satisfy the diversity of citizenship requirements of 1332(a)(3), this Court has subject matter jurisdiction over this case.

---

[2] Likewise, the Eleventh Circuit's decision in *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079 (11th Cir. 2010), is in applicable, because it expressly concerned "unincorporated associations." *Id.* at 1081. SPCs, in contrast, are "incorporated" entities. Ex. A, ¶ 26.

Date: May 2, 2025                                     Respectfully submitted,

                                                     PODHURST ORSECK, P.A.

/s/ *Matthew P. Weinshall*
Peter Prieto
Matthew P. Weinshall (FBN 84783)
Dayron Silverio
2525 Ponce de Leon Blvd., Suite 500
Coral Gables, FL 33134
(305) 358-2800
mweinshall@podhurst.com

*Attorneys for Plaintiff Euclid Turnaround Opportunity Fund LP*

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Matthew P. Weinshall*
Matthew P. Weinshall