**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-20647-BLOOM/Elfenbein

**EUCLID TURNAROUND**
**OPPORTUNITY FUND LP**,

      Plaintiff,

  v.

**AMERANT EQUIPMENT FINANCE**,
*et al.*,

      Defendants.

_____/

## ORDER AFTER DISCOVERY HEARING

**THIS CAUSE** is before the Court on Plaintiff Euclid Turnaround Opportunity Fund LP's Notice of Discovery Hearing ("Euclid's Notice"), ECF No. [234], and Defendant Amerant Bank, N.A.'s Notice of Discovery Hearing ("Amerant's Notice"), ECF No. [235].  The Notices alerted the Court that the Parties required assistance with the following discovery disputes:

1.  Whether the Court should overrule Amerant's objections to production of documents in response to Request Numbers 1 and 2 in Plaintiff's Second Request for Production, particularly with respect to the departure of Juan Esterippa and Jerry Plush.  *See* Euclid's Notice, ECF No. [234] at 1.

2.  Whether Euclid's Third Amended Rule 26(a)(1) Initial Disclosures "comply with Fed. R. Civ. P. 26(a)(1)(A)(iii)" as they relate to the categories of damages claimed and calculation of those damages; clarification on what types of fees constitute consequential damages as opposed to prevailing party fees; and clarification on expenditures for "internal time and resources towards developing a re-start plan for the Alliance Metals business."  *See* Amerant's Notice, ECF No. [235] at 1-2.

3. Whether the Court should overrule Euclid's "assertion of privilege as to Document ID Nos. 174, 18281, 6227 and 15932 identified on Euclid's Supplemental Privilege Log on the grounds that the communications were primarily for business purposes and not for purposes of obtaining legal advice." *See* Amerant's Notice, ECF No. [235] at 1-2.

The Court held a hearing on the discovery disputes listed in the Notices on March 11, 2026 (the "Hearing"). *See* ECF No. [242]. At the Hearing, Euclid made an Oral Motion to Compel Amerant to Produce Documents Responsive to Requests for Production Numbers 1 and 2 in Plaintiff's Second Request for Production to Amerant ("Euclid's Oral Motion to Compel"). *See* ECF No. [249]. Amerant, in turn, made an Oral Motion to Compel Euclid to Amend its Rule 26(a)(1) Initial Disclosures (the "Oral Motion to Compel Amendment of Rule 26(a)(1) Disclosures"), *see* ECF No. [250], and an Oral Motion to Compel Euclid to Produce Documents (the "Oral Motion to Compel Document Production."). *See* ECF No. [251]. The Court ruled on the first two Oral Motions at the Hearing, but it took the third one under advisement to conduct an in-camera review. To memorialize its rulings, it writes the instant Order.

## 1. Euclid's Oral Motion to Compel, ECF No. [249]

For the reasons stated on the record, Euclid's Oral Motion to Compel, **ECF No. [249]**, is **GRANTED in part and DENIED in part** and Amerant's objections are **OVERRULED in part and SUSTAINED in part**. Specifically, the Court grants Euclid's Oral Motion to Compel with respect to Request for Production Number 1 because the Court finds that Juan Esterippa is a key executive who is referenced repeatedly in the Corrected Fourth Amended Complaint and is alleged to be directly involved in the transaction central to the litigation. *See* ECF No. [233]. However, because the request is overly broad, the Court limited the request to the following categories of information: (1) any resignation letters, emails, or communications submitted by Mr. Esterippa to Amerant; (2) any documents mentioned in or relating to the severance agreement; and (3) any formal

disciplinary actions taken against Mr. Esterippa by Amerant related to the reasons for his departure. Amerant **SHALL** produce the responsive documents in the enumerated categories **no later than March 26, 2026**.  Amerant **SHALL** designate the production as confidential, to be used only for the limited purposes of this litigation, and within the confines of the Confidentiality Order, ECF No. [231], to safeguard Mr. Esterippa's privacy rights as they relate to any personnel documents subject to production.

With respect to Request for Production Number 2, the Court found that Euclid's proffer regarding the relevance of Jerry Plush's personnel records was insufficient.  Euclid has not made a sufficient showing that Mr. Plush was a relevant executive as it relates to the claims in this case, nor that he was involved in the disputed action in any relevant way.  Accordingly, Amerant's objections are **SUSTAINED** and Euclid's Oral Motion to Compel as it relates to Request for Production Number 2 is **DENIED without prejudice**.

2. **Amerant's Oral Motion to Compel Amendment of Rule 26(a)(1) Disclosures, ECF No. [250]**

For the reasons stated at the Hearing, Amerant's Oral Motion to Compel Amendment of Rule 26(a)(1) Disclosures, **ECF No. [250]**, is **GRANTED**.  Specifically, Amerant requested clarification on the amount of legal fees sought as consequential damages, the amounts and calculations of these fees, and for which firms the fees are sought.  Also, during the hearing, Euclid informed the Court that it is no longer seeking fees for internal time and resources as part of its consequential damages.  *See* ECF No. [242].  Accordingly, **no later than March 18, 2026**, Euclid **SHALL** provide its Fourth Amended Rule 26 Initial Disclosures by clearly explaining that it is only seeking as consequential damages the fees incurred for the services of its former counsel, along with the total sum for those fees, and eliminating the reference to the "expenditures for the internal time and resources towards developing a restart plan for the Alliance Metals business," given that Euclid is no longer seeking the latter item of damages.

**3.   Amerant's Oral Motion to Compel Document Production, ECF No. [251]**

Amerant also made an Oral Motion to Compel Euclid to Produce Documents (the "Oral Motion to Compel Document Production."). *See* ECF No. [251].  At the Hearing, Amerant informed the Court that the Parties reached an agreement on the issue regarding Euclid's assertion of privilege as to Document ID Nos. 174, 18281, and 6227.  *See id*.  Euclid agreed to produce these documents, subject to the Parties' agreement that there be no subject-matter waiver of Euclid's attorney-client privilege.  *Id*.  Euclid, however, maintained its privilege objection to producing Document ID No. 15932.  *Id*. Amerant moved for an in camera review, requesting that the Court determine whether the disputed communication constituted legal advice protected by the attorney-client privilege or non-legal business advice.  *Id*.  Euclid timely provided a copy of Document ID No. 15932 to the Court for an in-camera review.

The attorney-client privilege protects from disclosure confidential documents and communications between client and attorney made for the purpose of obtaining or rendering legal advice.  *See Upjohn Co. v. U.S.*, 449 U.S. 383, 399 (1981).  And in federal diversity actions, such as this one, state law governs the application of the attorney-client privilege.  *See Burrow v. Forjas Taurus S.A.*, 334 F. Supp. 3d 1222, 1233 (S.D. Fla. 2018).  Here, Florida state law governs attorney-client privilege issues, while federal law governs work-product doctrine issues.  *Guarantee Ins. Co. v. Heffernan Ins. Brokers, Inc.*, 300 F.R.D. 590, 593 (S.D. Fla. 2014) (citing *Milinazzo v. State Farm Ins.*, 247 F.R.D. 691, 696–700 (S.D. Fla. 2007)).  The party asserting privilege bears the burden to establish each element.  *See, e.g., Southern Bell Tel. & Tel. Co. v. Deason*, 632 So. 2d 1377, 1383 (Fla. 1994) ("The burden of establishing the attorney-client privilege rests on the party claiming it."); *Seaboard Air Line R. Co. v. Timmons*, 61 So. 2d 426 (Fla. 1952) ("[T]he burden is upon the party asserting a privilege to establish the existence of each element of the privilege in question.").  Once the proponent of the privilege has established its elements, the burden shifts to

the opponent to show that an exception applies or that the privilege has been waived. *First Union Nat'l Bank v. Turney*, 824 So. 2d 172 (Fla. 1st DCA 2001); *Robichaud v. Kennedy*, 711 So. 2d 186, 188 (Fla. 2d DCA 1998).

Florida's codified attorney–client privilege protects confidential communications between a client and lawyer made for the purpose of seeking or rendering legal advice. Fla. Stat. § 90.502(1)(c), (2). However, a communication is not necessarily privileged because a lawyer is copied. *Burrow*, 334 F. Supp. 3d at 1236. The proponent of the privilege must show, regardless of whether one or more lawyers sent or received the communication, that the communication was confidential and that the primary purpose of the communication was to relay, request, or transmit legal advice. *See id*. (citations omitted). However, where a lawyer provides non-legal business advice, the communication is not privileged. *Id*; *see also In re Mongelluzi*, 568 B.R. 702. 713 (Bankr. M.D. Fla. 2017) (explaining that courts "generally agree that the attorney-client privilege in the corporate context applies only to communications made for the purpose of obtaining legal advice," and "documents that serve both business and legal functions are not protected communications.").

After reviewing Document ID No. 15932 in camera, the Court finds that the communication consists of an attorney providing legal, and not business, advice to his client. The communication contained therein is thus protected by the attorney-client privilege. Accordingly, Euclid's objections are **SUSTAINED** and Amerant's Oral Motion to Compel Document Production, **ECF No. [251]**, is **DENIED**.

5

CASE NO. 25-CV-20647-BLOOM/Elfenbein

**DONE and ORDERED** in Chambers in Miami, Florida on March 16, 2026.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:

Counsel of Record

6